**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 6:18-CR-00211-ADA-1** |
| | § | |
| **ROBERTO Y ARENAS-TELLEZ** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE ALAN D ALBRIGHT,
        UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. **§** 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I. PROCEDURAL BACKGROUND

The defendant was convicted of Illegal Re-Entry into the United States in violation of 18 U.S.C. §§ 1326(a) and (b)(1). The defendant was sentenced to time served, followed by a three (3) year term of supervised release. The defendant was released to supervision on December 18, 2018.

On February 18, 2021, the United States Probation Office filed an Amended Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of his supervision and seeking a show-cause hearing as to why the defendant's supervision should not be revoked. The petition alleges the defendant violated the terms of his supervision in

the following instances:

**Violation Number 1:** The defendant violated Standard Condition #17, in that, on or about June 1, 2020, in Waco, McLennan County, Texas, the defendant failed to immediately report to the nearest U.S. Probation office, after it was determine he had contact with a Waco, Texas Police Officer on or about May 30, 2020, after previously being deported from the United States on or about December 21, 2018.

**Violation Number 2:** The defendant violated mandatory condition #1, in that on or about August 3, 2020, in Waco, McLennan County, Texas, the defendant committed the third degree felony offense of kidnapping by intentionally or knowingly abducting his two minor children, in violation of Texas Penal Code 20.03.

**Violation Number 3:** The defendant violated mandatory condition #1, in that on or about August 3, 2020, in Fort Worth, Tarrant County, Texas, the defendant committed the offense of Theft of Property over $2500, under $30,000, after stealing a 2017 Chevrolet Silverado Pickup Truck out of McLennan County, Texas, in violation of Texas Penal Code 31.03(e)(4)(A).

**Violation Number 4:** The defendant violated mandatory condition #1, in that on or about August 3, 2020, in Fort Worth, Tarrant County, Texas, the defendant committed the offense of Possession of Marijuana over four ounces, under five pounds, in violation of Texas HSC 481.121(B)(3).

**Violation Number 5:** On or about August 4, 2020, in the Forth Worth Division of the Northern District of Texas, the defendant Roberto Arenas-Tellez, an alien, was found in the United States having previously been deported and removed from the United States on or about December 21, 2018, and the defendant had not received the consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security, to reapply for admission to the United States.

On May 12, 2026, the Court held a hearing on the petition. At that hearing, the defendant pled TRUE as to violation numbers 1, 2, 3, 4, and 5. The petition contained a sufficient factual basis to support a plea of TRUE as to violation numbers 1, 2, 3, 4, and 5.

## II.  FINDINGS OF THE COURT

Based on the sworn statements of Defendant and other testimony at the hearing, the undersigned finds as follows:

2

1. The defendant violated the conditions of his supervision as alleged in the petition.

2. The defendant was competent to make the decision to enter a plea of TRUE as to violation numbers 1, 2, 3, 4, and 5.

3. The defendant had both a factual and rational understanding of the proceedings against him.

4. The defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. The defendant was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. The defendant was sane and mentally competent to stand trial for these proceedings.

7. The defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. The defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The defendant understood the petition and the charges alleged against him.

10. The defendant had a sufficient opportunity to discuss the petition and charges with his attorney.

11. The defendant was satisfied with the job his attorney has done and had no complaints about his attorney.

12. The defendant understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13. The defendant freely, intelligently, and voluntarily entered his plea of TRUE as to violation numbers 1, 2, 3, 4, and 5.

14. The defendant understood his statutory and constitutional rights and desired to waive them.

15. The petition contains a sufficient factual basis to support the defendant's pleas of TRUE as to violation numbers 1, 2, 3, 4, and 5.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties. Because the defendant has served several years in custody for the conduct underlying the violations and has a pending warrant from the Northern District of Texas for violations of supervised release as well as an immigration detainer, both of which will result in the defendant being immediately transferred to the custody of the Northern District of Texas or immigration enforcement officers, the undersigned is persuaded that a downward departure from the sentencing guidelines is appropriate. The undersigned, therefore, **RECOMMENDS** that the defendant's term of supervised release be revoked and that he be sentenced to time served, with no term of supervised release to follow.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the

Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 13th day of May, 2026.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE